## Brown v. Lord.

A sheriff cannot become bail, or be answerable in that character for any person by him arrested; but if he suffers the person arrested to go at large, without taking sufficient bail, he is answerable in his official character.

This was an action against the sheriff, for the neglect of his deputy, in not taking bail, but suffering a person arrested at the suit of the plaintiff to escape, whereby the plaintiff lost the benefit of his judgment. It was alleged in the declaration, that execution issued, return of *non est inventus* made, and the bail bond demanded of the sheriff, which was refused.

The defendant pleaded — That he was bail himself, and answerable in that way only; and that this action not being brought within one year after judgment against the principal, is barred by the Statute of Limitation respecting bail.

To this there was a demurrer, and joinder in demurrer.

Mr. Adams and Mr. Kirby, for the plaintiff, took two exceptions to this plea.

1. That the sheriff cannot be bail himself.

2. That if he may be answerable as bail, he may also be answerable in his official capacity, at the election of the plaintiff.

They contended — That from the nature of the sheriff's office and duty, he cannot be bail; he has the custody of all prisoners in the county, and is accountable for them in his official capacity; all bail bonds are to be taken to him, as sheriff, otherwise void; and he is required to assign the bail bond to the creditor, to exonerate himself.    It is, therefore, absurd, and opposed to every legal idea of bail, that the sheriff should be answerable in that capacity.    5 Code, 89; 3 Blackstone's Com. 290; 4 Bacon's Abrid. 462.

That if the sheriff may become bail, he is, notwithstanding, answerable in his official capacity, otherwise the party might be deprived of the security of the sheriff's bonds.    The law requires the sheriff to procure bonds, for the faithful discharge of his office:    He may be a bankrupt; therefore, it cannot be admitted, that he may at pleasure claim to be bail, and answerable in that capacity only, and so defeat the party injured of the security of those bonds.    The legislature having limited the time of bringing actions against bail, to one year from the rendering of judgment against the principal; and the time of bringing actions against sheriffs, to two years; the court are bound by this statute, it being a positive law, and are not left to consider this action within any equitable construction of the statute concerning bail.

Mr. Reeve and Mr. Tracy, for the defendant, contended — That the sheriff might take upon himself to be bail; and if he produced the body of the debtor in court, he would not only exonerate himself, but would place the creditor in as good a situation as if bond had been taken from a third person, and that person had delivered up his principal in the same manner.    So in a suit against the officer, the creditor

could be in no worse situation, by calling the officer to answer as bail, than he would in a suit upon the bail bond; therefore, the same favorable indulgence ought to be allowed the officer, and the suit to be brought against him within the same time, that he may have the same opportunity to produce the body of the debtor.    If the sheriff's personal security is insufficient, he is liable for having taken insufficient bail;—therefore, the creditor can lose nothing on that ground; nor need he be embarrassed in the mode of his suit, but bring the same kind of action that is now brought, permitting the officer to make the same kind of defense, which might be made by the bail.

By the whole COURT.    A sheriff is liable for an escape, but not as bail; nor is he to be sued as such, but in his official capacity; and may, according to the Statute of Limitations in the case of sheriffs, be sued any time within two years after the right of action accrues.    The Statute of Limitations, in the case of bail, does not extend to sheriffs in the letter of it; and it being a statute in derogation of the right of the subject at common law, is not to be extended by implication to cases not mentioned; — nor does the case of a sheriff come fully within the reason of the statute.    Bail, if subjected and relied upon, is to be noticed, and sued early, that he may take his remedy against the principal; but a sheriff suffering a voluntary escape, for which he has to pay the debt or damage, has no such remedy to take.— The plea in bar is therefore insufficient.